IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| FRED ZEMEL, on behalf of himself, and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>AARP, INC. and JOHN DOES 1-25<br><br>    Defendant. | Case No.: |

**CLASS ACTION COMPLAINT AND JURY DEMAND**

Fred Zemel brings this class action complaint on behalf of himself and on behalf of all others similarly situated ("Plaintiff") for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant ("AARP") in negligently and/or willfully contacting Plaintiff and members of the Class through initiating telephone calls using prerecorded messages in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1.  In an effort to promote its business, Defendant AARP placed thousands of unsolicited telephone calls to consumers nationwide.

1

2. Neither Plaintiff, nor the members of the proposed Class, ever provided their telephone numbers to Defendants for any purpose, nor did they consent to have Defendants to place telephone calls to those numbers.

3. The TCPA strictly forbids nuisance calls exactly like those alleged in this Complaint – intrusive phone calls to residential phones whose phone numbers are obtained without the prior express consent of the call recipients.

4. By making these telemarketing calls at issue, Defendants actions violated Plaintiff's and the Class' statutory rights and caused Plaintiff and the Class actual harm, including aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited phone calls.

5. Plaintiff and members of the Class suffered a concrete injury in fact, whether tangible or intangible, that is directly traceable to Defendants' conduct, and is likely to be redressed by a favorable decision in this action.

6. Plaintiff seeks an injunction stopping Defendants from illegally calling consumers, as well as an award of statutory damages under the TCPA, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*,

a federal statute. *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). Subject matter jurisdiction over this action is further appropriate in this Court pursuant to 28 U.S.C. § 1332(d)(2), because (i) at least one member of the putative Class is a citizen of a state different than Defendant, (ii) the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and (iii) none of the exceptions under that subsection apply to this action.

8. The Court has personal jurisdiction over Defendants and venue is proper in this District because Defendants transact significant amounts of business within this District, including, but not limited to placing unsolicited phone calls to consumers.

9. Specifically, personal jurisdiction over Defendants is proper in this District because Defendants, at all times herein mentioned, conducted business in the County of Passaic, State of New Jersey, and a substantial part of the events giving rise to the claims occurred in this jurisdiction (i.e., Plaintiff receipt of the unsolicited phone calls).

10. To have standing in federal court, Plaintiff must have suffered a particularized and concrete harm.

11. Unwanted calls cause tangible harms and intangible harms.

12. In the recent Supreme Court decision of Spokeo, Inc. v. Robin, __ U.S. ____, 2016 WL 282447 (May 16, 2016), the Court stated that one way to establish that an intangible injury is concrete is to evaluate whether it "has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American court." Id at *7.

13. For example, invasion of privacy is a harm that is recognized by the common law and is recognized as a common law tort.

3

14. When enacting the TCPA, Congress stressed the purpose of protecting consumers' privacy.

15. As Senator Hollings, the Act's sponsor, stated "Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall." 137 Cong. Rec. 30,821-30,822 (1991).

16. Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because the Defendant conducts business in this judicial district and because a substantial part of the act and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**PARTIES**

17. Plaintiff Fred Zemel is, and at all times mentioned was, a resident of the State of New Jersey. He is, and at all times mentioned herein, was a "person" as defined by 47 U.S.C. § 153 (39).

18. Defendant AARP is a "person" as defined by 47 U.S.C. § 153 (39). Defendant AARP conducts business in New Jersey with its registered agent listed as The Corporation Trust Company, 820 Bear Tavern Road, West Trenton, New Jersey 08628.

19. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

**THE TELEPHONE CONSUMERS PROTECTION ACT OF 1991 ("TCPA")**
**47 U.S.C. §§ 227 *et seq.***

4

20. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

21. The TCPA regulates, among other things, the use of a prerecorded voice in making calls to persons. Specifically, the plain language of section 227(b)(1)(B) prohibits any person "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party."[2]

22. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling,[3] the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

23. Further, as of October 16, 2013, express **written** consent is required to make any such telemarketing calls.[4] The express written consent must be signed and sufficient to show the consumer received clear and conspicuous disclosure of the significance of providing consent and must further unambiguously agree to receive future phone calls.[5]

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §§ 201 *et seq.*

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 2008 WL 65485 (F.C.C. Jan. 4, 2008) ("2008 FCC Order").

[4] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 27 F.C.C.R. 1830, 1837 ¶ 18, 1839 ¶ 20, 1858 ¶ 71 (F.C.C. Feb. 15, 2012) ("2012 FCC Order").

[5] 2012 FCC Order at 1844 ¶ 13.

24.     Furthermore, on July 10, 2015, the FCC released a Declaratory Ruling wherein it was confirmed that a consumer has the right to revoke "prior express consent" using any reasonable method, including orally or in writing, even if a consumer previously consented to such communication.[6]

## FACTUAL ALLEGATIONS

25.     At some point, known to the Defendant, the Defendant began calling the Plaintiff at his residential telephone line in an attempt to solicit business.

26.     Commencing no later than June 2016, despite a lack of consent or the existence of a prior relationship with Defendants, Plaintiff received a call from Defendant to his residential telephone number ending in 5059.

27.     Upon answering the call, Plaintiff heard a prerecorded message play for approximately one minute, discussing various options and services provided by the Defendant.

28.     The message stated:

> "If you are upside down on your mortgage AARP Foundation, AARP charitable affiliate, would like to connect you to free help. Press 1 to be connected to a certified housing counselor at AARP foundation housing solution center. A counselor at a government certified counseling agency will work with you for you free of charge to find a solution that best fits your situation. Press 1 to be connected to a certified housing counselor. The AARP housing solution center may be reached at 1 855 850 2525. Thank You. Press 9 to be placed on a do not

---

[6] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Report and Order, 15-72 (FCC July 10, 2015) available at https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-order (last visited on April 18, 2016).

6

call list. AARP foundation is located at 601 East Street NW Washington DC, 20049."

29. After over two minutes of listening to pre-recorded messages and going through different prompts, the Plaintiff eventually got a live representative on the line and informed them that he no longer wanted to receive phone calls.

30. The unsolicited phone call placed to Plaintiff's residential telephone is prohibited by 47 U.S.C. § 227(b)(B).

31. The call made by Defendant does not constitute a call for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(B).

32. The call made by Defendant is not exempted from TCPA regulation pursuant to an order by the Federal Communications Commission.

33. Plaintiff did not provide Defendant or its agents prior express consent to receive unsolicited calls pursuant to 47 U.S.C. § 227 (b)(1)(B).

34. Consequently, this call initiated by Defendant violated 47 U.S.C. § 227(b)(1).

35. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

Plaintiff Has Suffered a Concrete and Particularized Injury

36. Congress has codified the Telephone Consumer Protection Act to provide specific protections and rights to consumers to ensure that consumers' residential phones would not be subject to constant attack by telemarketing callers as Defendants engaged in here. These calls waste the consumer's time, violate their privacy rights, disrupt the piece of consumers' homes, and are a constant nuisance.

37. Plaintiff sustained a concrete and particularized injury by Defendant's initiation of a call to his residential phone in violation of the TCPA resulting in the waste of his time, the violation of his privacy rights, intrusion upon and occupation of Plaintiff's residential telephone, and general nuisance.

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and on behalf of all others similarly situated ("the Class").

39. Plaintiff represents, and is a member of the Class, consisting of all persons within the United States who received an unsolicited call from Defendants or their agents on their residential telephones that were initiated using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party as set forth in 47 U.S.C. § 227(b)(1)(B), which calls by Defendant were not made for emergency purposes, within four years prior to the filing of this Complaint through the date of final approval.

40. Defendant and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

41. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally initiated calls to Plaintiff and the Class members via their residential telephones using a prerecorded voice or artificial message. Furthermore, as a result of their actions Defendant, either directly or through its agents, invaded the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

42. This suit seeks only statutory damages and injunctive relief on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

43. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records or Defendant's agent's records.

44. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the four years prior to the filing of this Complaint through the date of final approval, Defendant or its agents initiated calls without the recipients' prior express consent (other than a calls made for emergency purposes or made with the prior express consent of the called party) to a Class member's members residential telephone using an artificial or prerecorded voice;

    b. Whether Defendant, or its agents, systematically made calls to persons who did not previously provide Defendant with their prior express consent to receive such calls;

    c. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    d. Whether Defendant and their agents should be enjoined from engaging in such conduct in the future.

45.     As a person that received at least one unsolicited call to his residential telephone initiated by a prerecorded or artificial voice without prior express contest, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest antagonistic to any member of the Class.

46.     Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to individually seek legal redress for the wrongs complained of herein.

47.     Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

48.     A class action is a superior method for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable.  Class-wide damages are essential to induce Defendant to comply with federal law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far

fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

49. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.

## COUNT 1
### NEGLIGENT VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227 *ET SEQ.*

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. By initiating calls with a prerecorded or artificial voice, Defendant was able to effectively call thousands of consumers simultaneously to reach only a small number of consumers who were interested, and would then go on to talk with a live representative.

52. Defendants also made the calls without the prior express consent of Plaintiff and other members of the Class to receive such calls.

53. The foregoing acts and omissions of Defendants and their agents constitute negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

54. As a result of Defendants', and Defendants' agents', negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

55. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT 2

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227 ET SEQ.

56. Plaintiff incorporates by reference the above paragraphs in this Complaint as though fully stated herein.

57. Each such call was initiated by an artificial voice or prerecorded message. By using such equipment, Defendants were able to effectively make thousands of calls simultaneously to lists of thousands of residential telephones of consumers.

58. These calls were made without the prior express consent of Plaintiff and other members of the Class to receive such calls.

59. The foregoing acts and omissions of Defendants and their agents constitute knowing and/or willful violation of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 et seq.

60. As a result of Defendants' knowing and/or willful violation of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

61. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Defendant:

### FIRST COUNT FOR NEGLIGENT VIOLATION OF THE TCPA
### 47 U.S.C. §§ 227 ET SEQ.

62. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

63. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### SECOND COUNT FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA
### 47 U.S.C. §§ 227 ET SEQ.

64. As a result of Defendant's, willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

65. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

66. An order certifying the Class as defined above, appointing Plaintiff Zemel as Class Representative, and Ari Marcus and Yitzchak Zelman of Marcus Zelman, as Class Counsel.

67. An award of reasonable attorneys' fees and costs.

68. Any other relief the Court may deem reasonable, just and proper.

Dated: May 17, 2017          */s/ Yitzchak Zelman*
                             Yitzchak Zelman, Esq.
                             MARCUS ZELMAN, LLC
                             1500 Allaire Avenue, Suite 101
                             Ocean, New Jersey 07712
                             (732) 695-3282 telephone
                             (732) 298-6256 facsimile
                             yzelman@marcuszelman.com
                             *Attorneys for Plaintiff*

>  */s/ Ari H. Marcus*
> Ari Marcus, Esq.
> MARCUS ZELMAN, LLC
> 1500 Allaire Avenue, Suite 101
> Ocean, New Jersey 07712
> (732) 695-3282 telephone
> (732) 298-6256 facsimile
> ari@marcuszelman.com
> *Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: May 17, 2017                 */s/ Yitzchak Zelman*
                                    Yitzchak Zelman, Esq.

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendant take affirmative steps to preserve all calls, recordings, data, emails, documents and all other tangible things that relate to the allegations herein, Plaintiff or the putative class members, or the making of calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff or the account in question, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant are aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials, and notify the undersigned of the circumstances immediately so that counsel may take appropriate action. This demand shall not narrow the scope of any independent document preservation duties of Defendant.

Dated: May 17, 2017

                                    /*s/ Yitzchak Zelman*

Yitzchak Zelman, Esq.
MARCUS ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
yzelman@marcuszelman.com
*Attorneys for Plaintiff and the Proposed Class*